IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARLENE GALDAMEZ,                                           CV. 00-1768-PK
                        Plaintiff,

                                                           OPINION AND ORDER

v.

JOHN POTTER,
                        Defendant.
_____

PAPAK, Magistrate Judge:

This matter comes before the court on defendant's Motion for Judgment as a Matter of

Law or in the Alternative for New Trial following a jury verdict in favor of plaintiff Arlene

Galdamez in the amount of $250,000.  For the reasons discussed below, defendant's motions are

denied.

BACKGROUND

The jury verdict in this case and the rulings that precede it were not written on a blank

slate.  Arlene Galdamez worked as the postmaster in Willamina, Oregon, beginning in late 1993.

Page 1 - OPINION AND ORDER

After being placed on administrative leave in April 1997, she filed suit in district court alleging race, color, and/or national origin discrimination in violation of Title VII.  The case proceeded to trial and the jury returned a verdict in favor of the defendant, the Postal Service.[1]  On appeal, the Ninth Circuit sustained the jury verdict, but held that the district court erred in failing to instruct the jurors "that the Postal Service . . . could be liable for actionable harassment by third parties if it failed to take reasonable steps within its power to address the problem," *Galdamez v. Potter,* 415 F.3d 1015, 1024 (9th Cir. 2005), and remanded for a new trial on that claim.

A second trial commenced on May 22, 2006.  On May 26, 2006, the jury returned a verdict in favor of Galdamez in the amount of $250,000 upon a finding that the Postal Service knew or should have known that Galdamez was subjected to a hostile work environment based on her race or national origin and failed to take prompt, effective remedial action reasonably calculated to end it.  The Postal Service timely filed a Motion for Judgement as a Matter of Law or in the Alternative for a New Trial.

DISCUSSION

The Postal Service's motion for judgment as a matter of law alleges that there was not a legally sufficient evidentiary basis for a reasonable jury to find that Galdamez was subjected to a hostile work environment based on her national origin, and that the Postal Service failed to adequately remedy the situation.  The Postal Service moves for new trial on grounds (1) that the jury's verdict was erroneous and against the clear weight of the evidence; (2) that closing argument by Galdamez's counsel was inflammatory and prejudicial; (3) that the court erred in failing to dismiss juror Robert Cynkar for cause; and (4) that the Postal Service was unfairly

---

[1]John Potter is the Postmaster General.

Page 2 - OPINION AND ORDER

prejudiced by being required to use a peremptory challenge to remove juror Cynkar.

I.      **Judgment as a Matter of Law**

        In reviewing the Postal Service's motion for judgment as a matter of law, this court must

view all the evidence in the light most favorable to Galdamez and she is entitled to all reasonable

inferences from that evidence.  *Berry v. Bunnhill,* 39 F.3d 1056, 1057 (9th Cir. 1994).  A

judgment as a matter of law should only be granted when the evidence permits a jury to reach

only one conclusion.  *Lawson v. Umatilla County,* 139 F.3d 690, 692 (9th Cir. 1998).[2]

        At the close of the evidence, counsel for the Postal Service moved for a judgment as a

matter of law, stating:  "At this point, I'd like to move for a verdict for the defense on the

grounds that the plaintiff has not set forth a claim that should be going to the jury for lack of a

better way to put it."  Specifically, the Postal Service argued that there was insufficient evidence

for a reasonable jury to find that Galdamez had been subjected to a hostile work environment

based on national origin, and/or that the Postal Service failed to take prompt, effective remedial

action reasonably calculated to end the harassment.  Galdamez argues that the Postal Service` is

now raising arguments that were not included in the motion for judgment as a matter of law

made at the close of trial.  Having reviewed the transcript, this court finds that the Postal

Service's motion under Rule 50(a) of the Federal Rules of Civil Procedure was sufficiently broad

to preserve the issues now raised in its Rule 50(b) motion.

        In its opinion on appeal of the first verdict in this case, the Ninth Circuit stated that

_____

        [2]Galdamez objects to the foregoing standard as accurate but incomplete, citing *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133 (2000).  Finding that the Postal Service's motion should be denied under either articulation of the standard, this court will not address Galdamez's concerns.

properly instructed as to the elements of a hostile work environment, "a reasonable jury could have found that Galdamez experienced a hostile work environment based on her national origin." *Galdamez,* 415 F.3d at 1023.  The court also said that while there was some evidence that her superiors did respond to the harassment, "a reasonable jury could have found that the harassment was actionable, that management-level Postal Service employees knew or should have known about it while it was happening, and that they nonetheless failed to take steps reasonably calculated to end and deter it . . ." *Id.* at 1025.  The evidence produced on these issues at the second trial went well beyond the evidence reviewed by the Ninth Circuit on appeal.[3]  The Postal Service's motion for judgment as a matter of law is therefore denied.

II.    **Motion for New Trial**

    A.    The Jury's Verdict

    In the alternative, the Postal Service moves for a new trial on the ground that the jury's verdict was erroneous and against the clear weight of the evidence.  While a court has some discretion in reviewing a motion for new trial, a motion based on the insufficiency of the evidence should only be granted if the verdict "is against the 'great weight' of the evidence, or 'it is quite clear that the jury has reached a seriously erroneous result.'"  *EEOC v. Pape Lift, Inc.,* 115 F.3d 676, 680 (9th Cir. 1997), quoting *Digidyne Corp. v. Data Gen. Corp.,* 734 F.2d 1336, 1347 (9th Cir. 1984), *cert. denied,* 473 U.S. 908 (1985).  A court is not justified in granting a new trial "merely because it might have come to a different result from that reached by the jury." *Roy*

---

    [3]It is unnecessary to recount that evidence at this point.  However, Galdamez's Response to Defendant's Motion for Judgemnt as a Matter of Law or in the Alternative for a New Trial carefully analyzes the evidence produced at trial against the standards set out in the Ninth Circuit's opinion.  To the extent necessary for this opinion, this court adopts that portion of Galdamez's memorandum.

*v. Volkswagen of America, Inc.,* 896 F.2d 1174, 1176 (9th Cir. 1990), quoting *Wilhelm v.*

*Associated Container Transportation (Australia) Ltd.,* 648 F.2d 1197, 1198 (9th Cir. 1981).

      Upon a review of the entire record in this case, I find that Galdamez produced substantial

evidence on each issue of material fact.  While the court might have come to a different result

had this been a bench trial, it cannot be said that the jury's verdict was clearly erroneous or

against the great weight of the evidence.

      B.      Closing Argument

      The Postal Service argues that Galdamez's closing argument "violated fundamental

fairness with its use of wholly inappropriate language and appeals to prejudice, and with its

unsustainable assertions of improper tampering with the testimony or witnesses with threats of

monetary revenge."  I disagree.

      I have reviewed plaintiff's counsel's entire closing argument and find nothing that

supports the Postal Service's argument that fundamental fairness was violated.  Counsel's

reference to "lynching" was an attempt to explain to the jury that discrimination is most often

contextual and inferred, and rarely direct or admitted.  Counsel's suggestion that the jury

consider, in assessing credibility, the fact that most of the Postal Service's witnesses were

currently on the Postal Service's payroll, that many had received promotions since the first trial

in this case, and that some were living on Postal Service retirement benefits was entirely

appropriate.  Financial interest may be some evidence of bias and it is not inappropriate to argue

credibility based on bias to the jury.

      Even if counsel's argument was inflammatory, where "offending remarks occurred

principally during opening statement and closing argument, rather than throughout the course of

Page 5 - OPINION AND ORDER

trial," reviewing courts are less inclined to find the statements pervaded the trial and thus prejudiced the jury. *Kehr v. Smith Barney, Harris Upham & Co.,* 736 F.2d 1283, 1286 (9th Cir. 1984).

Finally, the court notes that the statements now claimed improper were made without objection at trial. "The federal courts erect a 'high threshold' for claims of improper closing arguments in civil cases raised for the first time after trial." *Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1193 (9th Cir. 2002), citing *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.,* 785 F.2d 656, 658 (9th Cir. 1986). Even if counsel's argument contained improper remarks, the Postal Service has not met the "high threshold" for that claim and a new trial is not necessary to avoid a miscarriage of justice.

C.     Juror Challenge

The Postal Service claims the court erred in failing to dismiss a juror, Robert Cynkar, for cause, and that the error unfairly prejudiced the defendant by causing it to use a peremptory challenge to remove the juror. Mr. Cynkar was questioned by the court, related his personal background and indicated that he had worked for and his brother was currently employed by the U.S. Postal Service. Mr. Cynkar also indicated that he knew Gene Bradley[4] from his days as a letter carrier. Upon further questioning, Mr. Cynkar stated that nothing about his relationship with Mr. Bradley or previous employment with the Postal Service would make it difficult for him to be fair and impartial.

Upon further questioning, Mr. Cynkar reflected upon whether his general knowledge or

---

[4]Gene Bradley works for the Postal Service as a manager in Human Resources and was seated at counsel table during the trial. He was not, however, involved in any of the activity giving rise to this lawsuit nor was he a witness at trial.

Page 6 - OPINION AND ORDER

his brother's experience with the Postal Service would cause him difficulty in being a juror in

this case.

> Well, there's nothing that I am aware of that relates to the facts of this case.[5]
> However, my brother has been involved in disciplinary proceedings with the
> United States Postal Service, and so I have a lot of information about those
> proceedings, and I have my feelings about – about the postal service, and about
> the facts of his case.

Tr. 27.  Asked again if he could be fair and impartial, Mr. Cynkar responded that he could be but

that he had a "generally negative opinion of the postal service disciplinary process, and

management."  Tr. 28.

Defense counsel was then allowed to follow up on the questioning of Mr. Cynkar.  Other

than pointing out that Galdamez was part of Postal Service management, his questioning elicited

no new information.

At the conclusion of voir dire, the parties made challenges for cause outside the presence

of the jury.  The only challenge for cause made by the Postal Service was to Mr. Cynkar, and it

was denied.  The defendant then used one of its peremptory challenges to remove Mr. Cynkar

from the panel.

While a juror holding an impermissible bias should be removed from the panel, *United

States v. Gonzales,* 214 F.3d 1109, 1111 (9th Cir. 2000),  I find no such bias in this record.  While

Mr. Cynkar admitted to a generally negative opinion of the postal service disciplinary process

and management, he knew that the case did not involve concerns over the disciplinary process

---

[5]Prior to jury selection, the court read a summary of the case to prospective jurors, so Mr.
Cynkar knew that this case involved claims about a hostile work environment and not about the
Postal Service disciplinary process.

and he was aware that Galdamez was part of the management team.  Thus, he was able to conclude that he could be fair and impartial based on the specific facts presented by this case.

Even if Mr. Cynkar expressed impermissible bias against the Postal Service, any error in failing to remove him for cause was harmless in that the Postal Service exercised a peremptory challenge to remove him, and he did not sit on the jury.  The Postal Service challenged no other jurors for cause.  The Postal Service's motion would thus fail under *United States v. Martinez-Salazar,* 528 U.S. 304 (2000), and *Ross v. Oklahoma,* 487 U.S. 81 (1988).

## CONCLUSION

For the reasons set forth above, defendant's Motion for Judgement as a Matter of Law or in the Alternative for New Trial (#179) is denied.

Dated this 17th day of August, 2006.

 /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge