IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARLENE GALDAMEZ,
    Plaintiff,

v.

JOHN POTTER, Postmaster General,
    Defendant.

CV 00-1768-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    This matter comes before the court on plaintiff's Supplemental Motion for Attorney Fees (#228). For the reasons set forth below, plaintiff is awarded attorney fees in the amount of $37,200.56.

## BACKGROUND

    Plaintiff Arlene Galdamez was the postmaster in Willamina, Oregon beginning in 1993. After being placed on administrative leave in late 1997, she filed suit in district court alleging race, color, and/or national origin discrimination in violation of Title VII. Following a jury

Page 1 - OPINION AND ORDER

verdict in favor of defendant, appeal, and a second trial, Galdamez received a jury award of $250,000 in damages. Galdamez subsequently petitioned this court for attorney fees related to work on the first trial, appeal and second trial, ultimately receiving an award of $488,077, or a little over 80% of the $608,329 she requested.

Galdamez now seeks attorney fees reasonably incurred in connection with litigating her previous fee petition. Her petition is not opposed.

## DISCUSSION

**I       Plaintiff's Entitlement to Award of Attorney Fees**

It is well settled that prevailing plaintiffs under Title VII[1] are entitled to award of reasonable attorney fees, including fees incurred in the course of successfully litigating a fee petition. *See* 42 U.S.C. 2000e-5(k); *see also*, *e.g.*, *Davis v. City of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992). Galdamez' entitlement to fees incurred in litigating Plaintiff's Application for Attorney Fees, Expenses and Costs (#194) is therefore not in dispute.

**II      The Lodestar**

As noted in this court's Opinion and Order (#227) granting plaintiff's first fee petition, determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986).

---

[1] Galdamez purports to move for award of attorney fees "[p]ursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920," but her underlying claim was brought against the Postmaster general under Title VII; in consequence, the statute governing her entitlement to attorney fees is 42 U.S.C. 2000e-5(k).

### A. Hours Reasonably Expended

District of Oregon Local Rule 54.3(b) requires any party wishing to oppose a motion for attorneys' fees to file responsive materials within eleven days after service of the motion. Because Galdamez' fee petition was served on March 30, 2007, the time for filing a response has lapsed. As of the date of this Order, no responsive materials have been filed by the defendant. This court therefore treats the fee petition as unopposed. Nevertheless, despite the absence of specific objections by the opposing party, this court recognizes its duty to scrutinize the fee petition independently to determine its reasonableness. *See*, *e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992).

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer*, *Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines numbers of hours reasonably expended in furtherance of the successful aspects of a litigation). Reasonable hours include only those for successful or closely related claims. *Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994).

Here, Galdamez seeks fees incurred in litigating a fee petition in connection with which she received just over 80% of the award she requested. The Ninth Circuit has approved arithmetic reduction of an award of "fees-on-fees" by the ratio of the fees actually awarded in the

underlying fee dispute to the amount therein requested.  *See*, *e.g.*, *Thompson v. Gomez*, 45 F.3d 1365, 1366-1368 (9th Cir. 1995).  Galdamez requests precisely this reduction in order to make her request reasonable in relation to the success achieved in the underlying fee petition.  This court sees no reason to deviate from this reasonable procedure, and will therefore reduce the number of hours Galdamez requests by the ratio of 488,077 to 608,329, or approximately 80.2%.

In addition to this arithmetic, across-the-board reduction, scrutiny of the fee petition reveals a number of problematic billing entries.  First, the billing entries for attorney Thomas F. Spaulding reflect several tasks that appear to be clerical, such as organizing files, docketing deadlines, and retrieving documents from files.  Costs associated with clerical tasks are typically considered overhead expenses reflected in the hourly billing rate, and are not properly reimbursable.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . . [the] dollar value [of a clerical task] is not enhanced just because a lawyer does it") (citation omitted).  All time entries reflecting the performance of clerical tasks will therefore be deducted from Mr. Spaulding's requested hours.

For the foregoing reasons, the following 2.6 hours will be excluded from the lodestar calculation:

| DATE | ATTORNEY | HOURS | TASK |
|---|---|---|---|
| Jul. 11, 2006 | Spaulding | 1.9 | Organize files following submission of Plaintiff's Atty fee application and Response to Defendant's Supplemental Brief |
| Aug. 17, 2006 | Spaulding | 0.2 | docket appeal deadline |
| Nov. 9, 2006 | Spaulding | 0.1 | docket reply date |
| Nov. 19, 2006 | Spaulding | 0.4 | Locate Plaintiff's objection to 1st trial cost bill |

Page 4 - OPINION AND ORDER

Second, the time records for attorney Craig B. Cordon reveal one instance of questionable billing. The "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" mandated by the United States Supreme Court requires exclusion of redundant hours and of duplicated effort among timekeepers. *See Hensley*, 461 U.S. at 434 (an attorney's duty to exercise "billing judgment [mandates that] [h]ours . . . not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority") (emphasis original; citations and internal quotation marks omitted). Good billing judgment certainly requires, at a minimum, exclusion of time expended in purely internal discussions relating to the allocation of a firm's attorney resources.

The following 0.5 hours will therefore be deducted from the lodestar calculation:

| DATE | ATTORNEY | HOURS | TASK |
|---|---|---|---|
| Nov. 15, 2006 | Cordon | 0.5 | Discussion with Tom Spaulding, re: division of labor in replying to Defendant's Response |

For the reasons set forth above, the 104.5 hours for which Mr. Spaulding seeks compensation will be reduced by 2.6 hours to 101.9, and the 72.3 hours for which Mr. Cordon seeks compensation will be reduced by 0.5 hours to 71.8. After the arithmetic reduction to reflect Galdamez' success in litigating the underlying fee petition, Mr. Spaulding will receive compensation for 81.76 hours, and Mr. Cordon for 57.61 hours.

### B. Reasonable Rate

This court sees no reason to disturb its previous decision regarding the reasonableness of the rates charged by attorneys Spaulding ($300/hour) and Cordon ($220/hour). The hourly rates requested are not unreasonable in light of the skill and reputation of counsel and the results obtained. Moreover, the requested rates are within the range of reasonable rates charged by

Portland, Oregon, attorneys with similar experience as set forth in the Oregon State Bar 2002 Economic Survey (to the extent the survey remains useful in determining the reasonableness of rates charged for work performed in 2006). This court will therefore continue to compensate Mr. Spaulding's time at the reasonable hourly rate of $300, and Mr. Cordon's time at the reasonable hourly rate of $220.

        C.     **Calculation and Adjustment of the Lodestar Figure**

The product of the 81.76 hours reasonably expended by Mr. Spaulding and his hourly rate of $300 is $24,527.05; the product of Mr. Cordon's reasonably expended 57.61 hours and his rate of $220 is $12,673.51. Thus, the lodestar calculation results in a total of $37,200.56.

It is the plaintiff's burden to prove the reasonableness of the lodestar amount. *See Pennsylvania*, 478 U.S. at 563-64. The factors that may properly be considered in determining and evaluating the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See*, *e.g.*, *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors which are applicable need be addressed. *See*, *e.g.*, *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983).

It is within the discretion of this court to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable,

*Hensley*, 461 U.S. at 435-36 (1983); or (2) upward in "rare" and "exceptional" cases, *Pennsylvania*, 478 U.S. at 565. The presumption, however, is that the lodestar figure represents a reasonable fee. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987). Here, the court is unaware of any circumstances to warrant adjustment of the lodestar figure, and neither party requests such adjustment. The court will therefore enter an award of attorney fees in the lodestar amount.

## CONCLUSION

For the reasons set forth above, plaintiff Galdamez is awarded attorney fees in the amount of $37,200.56.

Dated this 23rd day of May, 2007.

       /s/ Paul Papak
       Honorable Paul Papak
       United States Magistrate Judge